```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
_____
MENACHEM BINYAMIN ZIVOTOFSKY,         :
by his parents and guardians,         :
ARI Z. AND NAOMI SIEGMAN              :
ZIVOTOFSKY,                           :
                                      :
            Plaintiffs,               :
                                      :
      v.                              :    Civil Action
                                      :    Nos. 03-1921 and
                                      :    03-2048
THE SECRETARY OF STATE,               :
                                      :
            Defendant.                :
--------------------------------------:
DAN ODENHEIMER and JOCELYN            :
ODENHDIMER, as Next Friend of         :
E.O., their Minor Child,              :
                                      :
            Plaintiffs,               :
                                      :
UNITED STATES DEPARTMENT OF STATE     :
and COLIN L. POWELL, in his           :
capacity as SECRETARY OF STATE        :
                                      :
            Defendant.                :
_____:
```

## MEMORANDUM OPINION

Plaintiff, Menachem Binyamin Zivotofsky, by his parents and guardians Ari Z. and Naomi Siegman Zivotofsky, brings suit against the Secretary of State in CA 03-1921. Plaintiffs Dan Odenheimer and Jocelyn Odenheimer, as Next Friend of E.O., their Minor Child, bring suit against the United States Department of State and the Secretary of State in CA 03-2048. Both Plaintiffs challenge Defendant's failure to implement Section 214(d) of the Fiscal Year 2003 Foreign Relations Authorization Act, Pub. L. 107-228, which

requires the Department of State to list an individual's place of birth as "Jerusalem, Israel," rather than "Jerusalem," upon request.  This matter is now before the Court on Defendant's Motions to Dismiss in both cases and Plaintiffs' Motions for Summary Judgment in both cases. Upon consideration of the Motions, Oppositions, Replies, and the entire record herein, for the reasons stated below, Defendant's Motions to Dismiss are **granted** and Plaintiffs' Motions for Summary Judgment are **denied as moot.**

I. **BACKGROUND**[1]

The status of Jerusalem is a hotly contested issue, one that has consumed policymakers in the United States and the Middle East for the past fifty years.[2]  Jerusalem has special religious and cultural significance for Jews, Muslims, and Christians. Resolving the issue of sovereignty over Jerusalem therefore has been one of the many roadblocks in the negotiations over the Middle East conflict.

The position of the United States is that "Jerusalem's final status has not yet been determined and will be settled by Permanent Status Negotiations between the parties to the Middle East

---

[1] For purposes of ruling on a motion to dismiss, the factual allegations of the complaint must be presumed to be true and liberally construed in favor of the plaintiff.  Shear v. Nat'l Rifle Ass'n of Am., 606 F.2d 1251, 1253 (D.C. Cir. 1979).

[2] While the Defendant provided a comprehensive history of United States policy toward Jerusalem over the last fifty years, it is not necessary for the Court to explore that history in detail at this time.

conflict." Def.'s Mot. to Dismiss, at 8. Pursuant to the policy, United States citizens born in Jerusalem are identified on their passports with only their city of birth; no country of birth is listed, because the United States does not at this time recognize any sovereign over the city.

In 2003, Congress enacted the Foreign Relations Authorization Act.  Pub. L. 107-228.  Section 214(d) of that statute provides that:

> Record of Place of Birth as Israel for Passport Purposes - For purposes of the registration of birth, certification of nationality, or issuance of a passport of a United States citizen born in the city of Jerusalem, the Secretary [of State] shall, upon the request of the citizen or the citizen's legal guardian, record the place of birth as Israel.

2003 Foreign Relations Authorization Act, Pub. L. 107-228, § 214(d).

Plaintiffs' parents are United States citizens raising their families in Jerusalem.  Plaintiff Zivotofsky and Plaintiff E.O. were born shortly after Section 214(d) was signed.  The parents of each child sought to obtain passports for their children at the United States Consulate General in Jerusalem.  Each parent requested that the passport list the child's place of birth as "Jerusalem, Israel."  Those requests were denied, and each child received a passport that listed the place of birth only as "Jerusalem."

In September, 2003, Plaintiff Zivotofsky filed suit against

the Secretary of State, claiming that Defendant's failure to follow the mandate of Section 214(d) breached a duty owed to him. Plaintiff Zivotofsky seeks a declaratory judgment against Defendant. Plaintiff Zivotofsky also seeks an injunction ordering the Defendant to issue a Consular Report of Birth Abroad with "Jerusalem, Israel," listed as the place of birth; ordering Defendant to issue a passport to Plaintiff specifying his birthplace as "Jerusalem, Israel"; and ordering Defendant to instruct consular personnel at United States embassies and consulates to comply with Section 214(d).

In October, 2003, Plaintiff Odenheimer filed a Writ of Mandamus, claiming that Defendant breached a duty to Plaintiff by failing to comply with Section 214(d) and that Defendant has violated Plaintiffs' rights to due process and equal protection under the Fifth Amendment of the United States Constitution. Plaintiff Odenheimer seeks a declaratory judgment that Defendant violated Section 214(d) and that Defendant issue a passport and registration of birth for E.O. recording his place of birth as Israel. Plaintiff Odenheimer also seeks an injunction compelling Defendant to comply with Section 214(d) and to issue a passport and registration of birth listing E.O.'s birthplace as Israel. Additionally, Plaintiff Odenheimer seeks a mandamus compelling Defendant to perform his duties under Section 214(d) and to issue a passport and registration of birth recording E.O.'s birthplace as

Israel.  Finally, Plaintiff seeks attorneys' fees, costs, and other expenses.

Because of the common issues presented, the Court consolidated the two cases on February 5, 2004.

## II. STANDARD OF REVIEW

A complaint "should not be dismissed unless plaintiffs can prove no set of facts in support of their claim which would entitle them to relief."  Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).  Thus, "the complaint is construed liberally in the plaintiffs' favor, and we grant plaintiffs the benefit of all inferences that can be derived from the facts alleged."  Id.  However, if inferences or legal conclusions drawn by the plaintiffs are "unsupported by the facts set out in the complaint," the Court need not accept them.  Id.

## III. ANALYSIS

Defendant seeks to dismiss the complaints of both Plaintiffs pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6).  Defendant alleges five separate reasons why Plaintiffs' claims should be dismissed.  First, Defendant argues that the Plaintiffs lack Article III standing because they have sustained no injury in fact.  Second, Defendant argues that the case presents a nonjusticiable political question.  Third, Defendant alleges that the President properly interpreted the statute as permissive rather than mandatory.  Fourth, Defendant argues that mandamus was an improper form of

relief.  Fifth, Defendant alleges that the Due Process and Equal Protection claims are without merit.

Because the Court finds that the cases should be dismissed for lack of standing and because they are nonjusticiable political questions, it is unnecessary to reach the remaining three arguments raised by Defendant.[3]

### A. Plaintiffs Lack Article III Standing

Article III of the Constitution vests jurisdiction in the federal courts only over cases and controversies. U.S. Const. art. III, § 1.  In order to meet the "case or controversy" requirement, plaintiffs must have standing to bring their claims.  <u>Nat'l Treasury Employees Union v. United States</u>, 101 F.3d 1423, 1427 (D.C. Cir. 1996).  To establish standing, the plaintiff must show (1) an injury in fact that is (2) fairly traceable to the challenged act and (3) likely to be redressed by a favorable decision.  <u>Id.</u>

Defendant argues that Plaintiffs lack standing because they

---

[3] Although it is unnecessary to reach the Plaintiff's Fifth Amendment claim, the Court notes that it is without merit.  There is neither a fundamental right at issue nor a classification that disadvantages a suspect class.  <u>Hutchins v. District of Columbia</u>, 188 F.3d 531, 536 n.1 (D.C. Cir. 1999); <u>Massachusetts Brd. of Retirement v. Murgia</u>, 427 U.S. 307, 312 (1976).  The right to particular wording on a passport does not, in this case, implicate the right to travel or any other fundamental right.  Furthermore, Section 214(d) does <u>not</u> discriminate on the basis of religion or national origin, as Plaintiff Odenheimer asserts.  It merely sets guidelines for passport policy, applicable to all, regardless of religion or national origin.

have suffered no injury in fact.  Injury in fact requires "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical.'"  Id. (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)).  Defendant asserts that Plaintiffs have neither a legally protected interest in particular passport wording nor a concrete injury based on the failure to obtain that wording.  Defendant argues that Plaintiffs' claims are actually a thinly veiled objection to the Executive Branch's policy toward Jerusalem.

Plaintiffs respond that they have suffered a concrete injury because they have been denied a statutory right conferred by Section 214(d).  Plaintiffs rely on Warth v. Seldin, in which the Supreme Court said "the actual or threatened injury required by Art. III may exist solely by virtue of 'statutes creating legal rights, the invasion of which creates standing.'"  Warth v. Seldin, 422 U.S. 490, 500 (quoting Linda R.S. v. Richard D., 410 U.S. 614, 617 n.3 (1973)).  According to Plaintiffs, Defendant's refusal to issue a passport with the desired wording automatically constitutes a concrete injury, because such wording is required by statute.

Plaintiffs' argument is not persuasive.  Statutes only create standing where they involve "justiciable individual rights."  Lujan v. Defenders of Wildlife, 504 U.S. 555, 578 (1992).  Thus, the mere existence of a statute does not negate "the requirement that the party seeking review must himself have suffered an injury."  Sierra

Club v. Morton, 405 U.S. 727, 738 (1972).  Plaintiffs, therefore, must still prove that Defendant's failure to put "Jerusalem, Israel," on their passports has caused an injury in fact.  The existence of the statute does not enable them to avoid that stringent requirement.

Plaintiffs' argument that they have "los[t] [an] opportunity to pursue a benefit" is similarly unpersuasive.  CC Distribs., Inc., v. United States, 883 F.2d 146, 150 (D.C. Cir. 1989).  In CC Distributors, the defendant's change in policy caused plaintiffs to lose their opportunity to pursue a government contract, which, if awarded, would have provided plaintiffs with demonstrable financial benefit.  Id.  In this case, however, receiving the "benefit" lost by the Plaintiffs would not change their status in any demonstrable way.  Plaintiffs have valid U.S. passports with no restrictions and are citizens of both the United States and Israel.  If Plaintiffs' requested relief were granted, they still would have valid passports and would be citizens of both the United States and Israel.[4]  They would gain no rights they did not have to begin with.  If, as they allege, they have suffered the loss of some "psychological benefit," that loss still does not rise to the level

---

[4] Plaintiffs argue that their interest in maintaining their citizenship and nationality as Israelis is somehow affected by the Defendants' policy.  However, Plaintiffs are citizens of both the United States and Israel.  Their status as citizens of Israel is unchanged by the wording of their United States passport.  Likewise, their status as United States citizens is unchanged by the failure to list a country of birth.

of a cognizable injury in fact.[5] The alleged injury therefore is not sufficiently concrete, particularized, or actual to constitute an injury in fact and does not confer standing upon the Plaintiffs in this case.

### B. Plaintiffs Present a Nonjusticiable Political Question

Federal courts also lack Article III jurisdiction over cases that present political questions. Cases present a political question if, among other things, there is "a textually demonstrable constitutional commitment of the issue to a coordinate political department." Baker v. Carr, 369 U.S. 186, 217 (1962). Thus, if an issue is committed by the Constitution to either the Executive Branch or the Legislative Branch, it is outside the Court's jurisdiction.

According to Defendants, the issue in this case is territorial sovereignty and state recognition, which is a Constitutional responsibility of the Executive and thus is nonjusticiable. Defendant notes that the Supreme Court has specifically held that

---

[5] The Zivotofsky Plaintiffs argue that they have standing to challenge the Defendant's decision because it does not comport with their religious beliefs. "Religious beliefs (or beliefs that oppose religion) have always been recognized as conferring standing to challenge laws that affect an entire society." Pl. Zivotofsky's Reply, at 5. The Plaintiffs cite no cases to support this point. Furthermore, their reliance on this point supports Defendant's position that their complaint is simply an expression of their general disagreement with the policy of the United States toward Jerusalem. A "generally available grievance about government" is too abstract to confer standing, however. Lujan, 504 U.S. at 573-74.

9

recognition of foreign governments is an executive power. Defendant, therefore, argues that recognition of foreign governments is constitutionally committed to the Executive.

Plaintiffs argue that the issue before the Court is passport policy, not recognition of sovereigns. According to Plaintiffs, the decision to place "Jerusalem" versus "Jerusalem, Israel," is a simple administrative matter with little or no effect on foreign relations. This argument borders on the disingenuous. The status of Jerusalem is without question one of the most sensitive foreign policy issues to have confronted the world in recent years. The desired passport wording in this case would confer recognition in an official, diplomatic document that Israel has sovereignty over Jerusalem. To argue that this is merely a routine administrative issue ignores the last fifty to sixty years of violence in the Middle East. The question at hand involves the authority to recognize sovereigns and conduct foreign policy, not the bureaucratic procedures for issuance of passports.

The caselaw makes clear that the recognition of sovereigns is constitutionally committed to the Executive. "It is undisputed that the Constitution gave the President full constitutional authority to recognize the [People's Republic of China] and to derecognize the [Republic of China]." Goldwater v. Carter, 617 F.2d 697, 707-08 (D.C. Cir. 1979) (en banc), vacated on other grounds, 444 U.S. 996 (1979); see also United States v. County of

Arlington, Virginia, 669 F.2d 925, 929 (4th Cir. 1982) ("the President is empowered to recognize the government of a foreign state"); Ams. United for Separation of Church and State, 786 F.2d 194, 202 (2nd Cir. 1986) (referring to recognition of sovereigns as "one of the rare governmental decisions that the Constitution commits exclusively to the Executive Branch").

Because the recognition of governments is constitutionally committed to the Executive, this case falls squarely within the framework set forth in Baker v. Carr, and, therefore, falls outside the jurisdiction of this Court.  369 U.S. 186, 217 (1962).

**IV. CONCLUSION**

For the foregoing reasons, Defendant's Motions to Dismiss are **granted**.  The Court finds that the Plaintiffs lack standing because they have suffered no injury in fact.  Furthermore, the Court finds that the issue before the Court is a nonjusticiable political question and that the Court therefore lacks jurisdiction.[6]

An Order will issue with this opinion.

_____                              _____
Date                                          Gladys Kessler
                                              U.S. District Judge

---

[6] In light of the Court's ruling on Defendant's Motions to Dismiss, Plaintiffs' Motions for Summary Judgment are **denied as moot.**

11